

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2003

# Carroll v. Rochford

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3771

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Carroll v. Rochford" (2003). *2003 Decisions.* Paper 333.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/333

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3771

WILLIAM AND ANNE MARIE CARROLL

v.

EDWARD ROCHFORD, individually and in his official capacity as Morris County Sheriff; JACK DEMPSEY, individually and in his capacity as Morris County Undersheriff; MORRIS COUNTY SHERIFF'S DEPARTMENT; JOHN B. DANGLER, in his official capacity as Morris County Prosecutor; MICHAEL LOWE, individually and in his capacity as Internal Affairs Officer with the Morris County Sheriff's Office; RICHARD ROSE, individually and in his capacity as Detective of the Morris County Prosecutor's Office; ANTHONY CALAMITO, individually and in his capacity as Detective of the Morris County Prosecutor's Office; MORRIS COUNTY PROSECUTOR'S OFFICE; COUNTY OF MORRIS; JOHN DOES 1-6; fictitious names for individuals as yet unknown,

Edward V. Rochford and Jack Dempsey,
Appellants

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

(Dist. Court No. 99-CV-05669)
District Court Judge: William H. Walls

Argued on June 16, 2003

Before: ALITO, ROTH, HALL,* Circuit Judges

———————————

* The Honorable Cynthia Holcomb Hall, Circuit Judge for the Ninth Circuit, sitting by designation.

Opinion Filed: July 30, 2003

Dennis A. Durkin, Esquire
John A. Testa, Esquire
Durkin & Durkin
1120 Bloomfield Avenue
Suite 204
West Caldwell, NJ 07007

*Counsel for Appellees*

Frederic M. Knapp
Stephen E. Trimboli
Courter, Kobert, Laufer & Cohen
23 Cattano Avenue
Morristown, NJ 07960

*Counsel for Appellants*

---

## OPINION OF THE COURT

---

PER CURIAM:

Edward V. Rochford, the Sheriff of Morris County, and Undersheriff Jack Dempsey contend that the District Court erred in denying their qualified-immunity summary judgment motion as to William Carroll's 42 U.S.C. §1983 claim alleging a violation of his constitutional right to freedom of association. As a pure question of law is at issue, we exercise plenary review over a District Court's decision. McLaughlin v. Watson, 271 F.3d 566, 570 (3d Cir. 2001), cert. den., 535 U.S. 989 (2002).

Government officials performing discretionary functions are afforded qualified

immunity from civil damages in suits brought pursuant to Section 1983. Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982). A two-part standard is used to determine whether public officials are entitled to qualified immunity. Saucier v. Katz, 533 U.S.194, 200-02 (2001). First, a court must determine (based on the view of the facts that is pertinent to the procedural stage at which the motion is made) whether the official's conduct violated a constitutional right. Id. at 201. Second, if the facts show that a right has indeed been violated, a court must determine, as a matter of law, whether the constitutional right was "clearly established" at the time of the official's action. Id.[1] This second step of the analysis requires a court to both define the right at issue with a sufficient degree of specificity, Anderson v. Creighton, 483 U.S. 635, 640 (1987), and to analyze the facts of the case in light of relevant case law extant at the time of the alleged conduct. McLaughlin v. Watson, 271 F.3d 566, 572 (2001). If a motion for summary judgment based on qualified immunity is denied, the defendant may under some circumstances take an immediate appeal under the collateral order doctrine. See Johnson v. Jones, 515 U.S. 304, 312 (1995).

---

[1]A government official may be held personally liable for an official action only where the contours of the particular right allegedly violated are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1982). The clarity of the right at issue is evaluated at the time the official's allegedly unlawful action was taken, Harlow, 457 U.S. at 818, and an official may be entitled to immunity if "based on the information available to them they could have believed that their conduct would be consistent with" contemporaneous governing legal principles. Good v. Dauphin County Social Services for Children and Youth, 891 F.2d 1087, 1092 (3d Cir. 1989).

In Forbes v. Township of Lower Merion, 313 F.3d 144, 146 (3d Cir. 2002), we announced a supervisory rule that applies when a District Court denies a qualified immunity summary judgment motion. This rule requires District Courts to "specify those material facts that are and are not subject to genuine dispute and explain their materiality." Id. As we discussed in Forbes, this rule is designed to assist us in determining whether we have jurisdiction to entertain the appeal. Under Jones, "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." Id. at 319-20. Rather, a defendant may appeal the District Court's collateral order only as to the purely legal question of whether the Court made an error of law, in which case "the court of appeals can simply take, as given, the facts that the district court assumed when it denied summary judgment for that (purely legal) reason." Id. at 319.

The rule announced in Forbes is applicable in the matter now before us as the District Court rejected the defendant's summary judgment motion, which was based on qualified immunity, upon a determination that "there was a genuine issue of material fact regarding the issue of political retaliation by Defendants." App. at 9 (Dist. Ct. Letter Order, September 25, 2002, at 3). Our review of the record reveals that the District Court did not identify the particular facts that are in dispute or explain the materiality of those

facts in relation to the qualified immunity issue.[2]

The District Court's order was entered prior to our opinion in Forbes, and we do not fault the District Court for failing to comply with a rule that had not yet been announced, but in order to ensure that we do not exceed our jurisdiction, we vacate the order of the District Court and remand for compliance with the Forbes rule. Upon complying with that rule, the District Court should enter a new order granting or denying the motion. If aggrieved, the current appellants can take a new appeal at that time and raise any issues that are properly within our jurisdiction. ____

_____

_____

_____

[2]In denying the appellant's motion, the District Court simply stated that "[t]aken in the light most favorable to Plaintiff, Rochford and Dempsey's conduct could show that they violated Carroll's First Amendment Right to not be harassed for his political beliefs." App. at 10 (Dist. Ct. Letter Order, September 25, 2002, at 4). The court went on to note that

> [b]oth Rochford and Dempsey were direct superiors to Carroll and were allegedly the political rivals of John Fox. According to Plaintiff, they caused him to be demoted, harassed at work, wrongfully charged and terminated. It is reasonable to conclude that a reasonable officer would comprehend the unlawfulness of basing any hiring decision of a public employee on party affiliation and support when party affiliation is not a requirement for the position.

Id.